NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7089

EDMUND S. POMON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Edmund S. Pomon, of Providence, Rhode Island, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General,  Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Kenneth B. Kramer

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7089

EDMUND S. POMON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans
Claims in 08-0137, Judge Kenneth B. Kramer.

_____

DECIDED:  October 9, 2009

_____

Before LOURIE, ARCHER, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Edmund Pomon appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying entitlement to an initial disability rating in excess of 20% for bilateral hearing loss.  Pomon v. Shinseki, No. 08-137, 2009 WL 641261, 1 (Vet. App. Mar. 9, 2009).  We dismiss Pomon's claims for lack of jurisdiction because his appeal challenges the Board's factual determinations and application of law to fact.

BACKGROUND

Between the years of 1943 and 1980, Pomon served in the Merchant Marine, the Navy Reserves, and the Army National Guard, totaling over 29 years of service. He was granted service connection and a 20% disability rating for bilateral hearing loss in February 2006. In December 2007, the Board denied Pomon's claim for a disability rating in excess of 20%. In making its determination, the Board considered the results of three VA hearing examinations, performed in 2005, 2006, and 2007, measuring the average puretone threshold in each ear in addition to speech recognition abilities. The Board noted that during the 2006 and 2007 examinations, Pomon had significant difficulty with the speech recognition portion of the tests, and the Board analyzed the ratings he would receive based on puretone thresholds alone in addition to the ratings based on both puretone thresholds and speech recognition ability. The Board applied rating criteria to these results, and determined that a 20% disability rating was appropriate.

Pomon appealed, and in March 2009, the Veterans Court affirmed the Board's determination. In its decision, the Veterans Court found that the Board had considered Pomon's hearing exams and the examiner's adjustment of hearing tests based on his scores, and that the Board had properly applied the examination results to the appropriate rating tables.

Barber timely appealed to this court. Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under section 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2).

The procedure for evaluating hearing disability is laid out in 38 C.F.R. §§ 4.85 and 4.86, and appended tables VI, VIA and VII. Table VI provides a Roman numeral designation of hearing impairment based on puretone threshold average and speech discrimination, whereas Table VIA provides a rating based only on puretone threshold average. Sections 4.85 and 4.86 describe the situations in which Table VIA is to be used. Table VII is then used to determine the percentage disability rating by combining the ratings from Table VI or VIA for both ears. Here, the Board analyzed the results of Pomon's hearing tests and determined that regardless whether Table VI or Table VIA were applied, Pomon would not be entitled to more than a 20% disability rating.

Pomon asserts that he is entitled to a 100% disability rating for his bilateral hearing loss. In support, he attaches the results of a June 2009 hearing examination that was not before the Board when it made its determination. In addition, Pomon suggests that his test results may have been mixed up with someone else's results. Pomon does not assert that the Board misinterpreted or misapplied a statute or regulation.

The government responds that Pomon does not raise any issues within this court's jurisdiction because he does not challenge a decision of the Veterans Court on a rule of law, the validity of a statute or regulation, or an interpretation of a statute or regulation relied upon by the court in making its decision. The Veterans Court applied the rating schedule in the regulations to the results of Pomon's examinations, which the government argues was the mechanical application of law to the particular facts of this case. Thus, according to the government, Pomon's arguments relate to factual determinations relied upon by the Veterans Court in its decision, which are unreviewable by this court.

Pomon's assertion of entitlement to 100% disability, supported by the results of a recent examination, is a challenge to factual determinations by the Board and the application of regulations to those facts. The argument that the test results before the Board may have been inadvertently switched with someone else's results are likewise factual allegations. As such, this court has no jurisdiction over Pomon's claims.

Accordingly, we <u>dismiss</u> the appeal.

## COSTS

No costs.